FILED
JAN - 6 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGELIO MORENO-GARCIA,              )
                                    )
          Plaintiff,                )
                                    )
  v.                                )   Civil Action No. 10 0011
                                    )
JANET NAPOLITANO, Secretary,        )
Department of Homeland Security, *et al.*, )
                                    )
          Defendants.               )

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed.

Plaintiff alleges that the Bureau of Immigration and Customs Enforcement has removed his mother, Antonia Mendoza Garcia, to Mexico, notwithstanding a stay of removal issued by the United States Court of Appeals for the Ninth Circuit pending resolution of her appeal of a Board of Immigration Appeals decision. *See* Compl. ¶¶ 3-5. According to plaintiff, his mother's "life is in danger and she could well succumb to an untimely death[.]" *Id.* ¶ 3. He demands his mother's return to the United States, *id.* at 4 (Remedy Sought), "so that she can enjoy due process on her claims to asylum and withholding of removal." *Id.* ¶ 12.

"Three inter-related judicial doctrines – standing, mootness, and ripeness, ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006). A party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed

by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). "[T]he injury alleged cannot be conjectural or hypothetical, remote, speculative, or abstract." *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (internal citations and quotation marks omitted).

Here, plaintiff articulates no legally protected interest of his own; rather, he purports to bring this action on his mother's behalf. Although he may represent himself as a *pro se* litigant, he is a lay person who is not qualified to appear in this Court on behalf of another person. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Standing may be denied where, as here, this *pro se* litigant seeks to assert the rights of a third party. *See Navegar, Inc.*, 103 F.3d at 998.

Accordingly, the Court will dismiss this action without prejudice because plaintiff does not have standing to bring these claims. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
United States District Judge

Date: 12/29/09